# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ✓
Scan Only ___

( ___ Amended _____ )

Case No.  ED CR 03-67-RT                                        Date  August 18, 2005

Present: The Honorable  ROBERT J. TIMLIN

| Lenora Pulliam | Theresa Lanza | Robert Stacy |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| MICHAEL VICTOR ZAMUDIO | David M. Philips | | | | NONE |
|---|---|---|---|---|---|
| Defendant | Counsel for Defendant | Retd. | DFPD | Panel X | Interpreter |

**PROCEEDINGS:**      **SENTENCING AND JUDGMENT**

✓ Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.     ___ See below for sentence.
___ Imprisonment for _years/months_ on each of counts _____
    Count(s) _____ concurrent/consecutive to count(s) _____
___ Fine of $_____ is imposed on each of count(s) concurrent/consecutive.
___ Execution/Imposition of sentence as to imprisonment only suspended on count(s) _____
___ Confined in jail-type institution for _____ to be served on consecutive days/weekends
    commencing _____
___ years/months Supervised Release/Probation imposed on count(s) _____
    consecutive/concurrent to count(s) _____
    under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
    ___ Perform _____ hours of community service.
    ___ Serve _____ in a CCC/CTC.
    ___ Pay  $_____ fine amounts & times determined by P/O.
    ___ Make $_____ restitution in amounts & times determined by P/O.
    ___ Participate in a program for treatment of narcotic/alcohol addiction.
    ___ Pay any fine imposed by this sentence & that remains unpaid at commencement of community supervision. Comply with rules/regulations of BICE, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.
    ___ Other conditions: _____
    Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court finds the defendant
___ does not have the ability to pay.
___ Pay $_____ per count, special assessment to the United States for a total of $_____
___ Imprisonment for _months/years_ and for a study pursuant to 18 USC _____
    with results to be furnished to the Court within _days/months_ whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____
___ Government's motion, all remaining count(s)/underlying indictment/information, ordered dismissed.
___ Defendant informed of right to appeal.
___ ORDER sentencing transcript for Sentencing Commission.    ___ Processed statement of reasons.
___ Bond exonerated      ___ upon surrender    ___ upon service of _____
___ Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.
___ Issued Remand/Release  # _____
___ Present bond to continue as bond on appeal.     ___ Appeal bond set at  $_____
✓ Filed and distributed judgment. Issd JS-3. ENTERED.
___ Other _____

*ENTER ON ICMS   AUG 2 4 2005*

1:30    2:55

Initials of Deputy Clerk  LP

cc:

---
CR-90 (12/03)                    **CRIMINAL MINUTES - SENTENCING AND JUDGMENT**                    Page 1 of 1

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. __EDCR 03-67-RT__ |
| Defendant __MICHAEL VICTOR ZAMUDIO__ | Social Security No. _2_ _6_ _8_ _3_ |
| akas: __SEE PRESENTENCE REPORT__ | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 18 | 05 |

**COUNSEL** | [✓] WITH COUNSEL    David M. Philips, Appointed
(Name of Counsel)

**PLEA** | [✓] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING** | There being a finding/verdict of [✓] GUILTY, defendant has been convicted as charged of the offense(s) of:
18 USC 2422 (a): Coercion and Enticement (Count 1)

**JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:  87 MONTHS

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the standard conditions that have been adopted by this Court. See the Court's General Order No. 318 and General Order 01-05 (If the Court orders restitution).

2. During the period of community supervision the defendant shall pay the restitution, if any, in accordance with this Court's orders pertaining to such payment;

3. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and using alcoholic beverages, during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation

Case 5:03-cr-00067-RT   Document 47   Filed 08/18/05   Page 3 of 9   Page ID #:64

USA vs.   MICHAEL VICTOR ZAMUDIO                              Docket No.:   ED CR 03-67-RT

Officer;

5. The defendant shall participate in a psychological/psychiatric counseling and a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions, of such program, including submission to risk assessment evaluation(s), and physiological testing, such as polygraph, plethysmograph, and Abel testing, and shall take all prescribed medication;

6. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the Probation Officer. The Probation Officer shall disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider;

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the defendant's sex offender treatment and/or drug treatment to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

8. The defendant shall register with any local and/or state sex offender registration agency in any state where the defendant resides, is being supervised, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 3 days of release from imprisonment;

9. The defendant shall not contact the victim and her parents by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim at all times. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

10. The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

11. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary

Case 5:03-cr-00067-RT Document 47 Filed 08/18/05 Page 4 of 9 Page ID #:65

USA vs.  MICHAEL VICTOR ZAMUDIO          Docket No.:  ED CR 03-67-RT

and usual commercial services;

12. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business, organization, and/or volunteer activity that causes him to regularly contact persons under the age of 18;

13. The defendant shall not reside within 1,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move;

14. The defendant shall reside at a community corrections center (CCC), under the pre-release component, for a period not to exceed six months, and shall comply with all rules and regulations of the CCC, until discharged by the program director, with the approval of the Probation Officer; and

15. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

**IT IS ORDERED** that the Probation Officer shall provide the Defendant with a written statement that sets forth all the conditions to which the term of Supervised Release is subject, pursuant to 18 USC 3583(f)

**IT IS ORDERED** that the Presentence Report, Probation Officer's Letter of Recommendation and any addendum thereto be placed UNDER SEAL.

**IT IS ORDERED** that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Defendant shall pay the Special Assessment at the rate of $10.00 per month in consecutive monthly installments. Such payments shall commence 30 days after the defendant has been assigned an income producing job by the prison officials;

Pursuant to 18 USC 3664(d)(5), the determination of restitution is deferred until a date set by the Court, however, no later than 90 days after sentencing. An Amended judgment will be entered after such determination.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment

USA vs.   MICHAEL VICTOR ZAMUDIO                                    Docket No.:   ED CR 03-67-RT

Government's motion to Dismiss Count 2 of the Indictment is Granted.

Defendant is advised of his right to Appeal.

**COURT RECOMMENDS** that the Bureau of Prisons designate the Federal Correctional Institution at Butner, North Carolina as defendant's place of incarceration. If he is not assigned to that institution, the Court Recommends the defendant be designated for incarceration at Rochester, Minnesota or Springfield, Missouri and that he be allowed to participate in a Sexual Offender Treatment Program and a 500 Hour Substance Abuse Treatment Program providing that he meets the eligibility criteria.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_8/23/05_
Date

_Robert K. Timlin_
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

_8/23/05_
Filed Date

By _T. Pulliam / L. Pulliam_
Deputy Clerk

USA vs.   MICHAEL VICTOR ZAMUDIO                               Docket No.:   ED CR 03-67-RT

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

### While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.   MICHAEL VICTOR ZAMUDIO                                    Docket No.:   ED CR 03-67-RT

# STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.  MICHAEL VICTOR ZAMUDIO                                Docket No.:  ED CR 03-67-RT

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
_____        Deputy Marshal
Date

USA vs. MICHAEL VICTOR ZAMUDIO        Docket No.: ED CR 03-67-RT

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

8/23/05
Filed Date

By    L. Pulliam
       Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      _____
            Defendant                                                    Date

_____      _____
U. S. Probation Officer/Designated Witness                Date