**United States District Court**
**Central District of California**

ENTERED
SEP 28 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES OF AMERICA vs.          Docket No.          EDCR 03-67-RT

Defendant: MICHAEL VICTOR ZAMUDIO          Social Security No. 2683
akas: NONE
Residence Address: SEE PRESENTENCE REPORT          Mailing Address:

## AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 09 | 21 | 05 |

| COUNSEL | ✓ WITH COUNSEL          David Phillips, Appointed |
|---|---|
| | (Name of Counsel) |

| PLEA | ✓ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ NOLO CONTENDERE ☐ NOT GUILTY |
|---|---|

| FINDING | There being a finding/verdict of ✓ GUILTY, defendant has been convicted as charged of the offense(s) of: 18 USC 2422 (a): Coercion and Enticement (Count |
|---|---|

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **87 months** |
|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the standard conditions that have been adopted by this Court. See the Court's General Order No. 318 and General Order 01-05.

2. During the period of community supervision the defendant shall pay the restitution, in accordance with this Court's orders pertaining to such payment;

3. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and using alcoholic beverages, during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. The defendant shall participate in a psychological/psychiatric counseling and a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions, of such program, including submission to risk assessment evaluation(s),

Case 5:03-cr-00067-RT   Document 52   Filed 09/23/05   Page 2 of 7   Page ID #:90

USA vs. MICHAEL VICTOR ZAMUDIO                                Docket No.:    ED CR 03-67-RT

and physiological testing, such as polygraph, plethysmograph, and Abel testing, and shall take all prescribed medication;

6. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the Probation Officer. The Probation Officer shall disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider;

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the defendant's sex offender treatment and/or drug treatment to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

8. The defendant shall register with any local and/or state sex offender registration agency in any state where the defendant resides, is being supervised, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 3 days of release from imprisonment;

9. The defendant shall not contact the victim and her parents by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim at all times. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

10. The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

11. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

12. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business, organization, and/or volunteer activity that causes him to regularly contact persons under the age of 18;

13. The defendant shall not reside within 1,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move;

14. The defendant shall reside at a community corrections center (CCC), under the pre-release component, for a period not to exceed six months, and shall comply with all rules and regulations of the CCC, until discharged by the program director, with the approval of the Probation Officer; and

Case 5:03-cr-00067-RT   Document 52   Filed 09/23/05   Page 3 of 7   Page ID #:91

USA vs.  MICHAEL VICTOR ZAMUDIO                                    Docket No.:    ED CR 03-67-RT

15. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

**IT IS ORDERED** that the Probation Officer shall provide the Defendant with a written statement that sets forth all the conditions to which the term of Supervised Release is subject, pursuant to 18 USC 3583(f)

**IT IS ORDERED** that the Presentence Report, Probation Officer's Letter of Recommendation and any addendum thereto be placed UNDER SEAL.

**IT IS ORDERED** that the defendant shall pay restitution in the total amount of $1,642.03 pursuant to 18 USC 3663A(b)(2)(4). The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Lynne Arsenault | $1,642.03 |

Nominal restitution payments in the amount of $10.00 shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $100 per month, shall be made during the period of supervised release. Such payments shall be in the form of a cashier check or money order, payable to Lynne Arsenault and delivered to the Probation Officer. These payments shall begin 30 days after the commencement of supervision.

Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the total amount of restitution ordered. Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

**IT IS ORDERED** that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Defendant shall pay the Special Assessment at the rate of $10.00 per month in consecutive monthly installments. Such payments shall commence 30 days after the defendant has been assigned an income producing job by the prison officials;

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Government's motion to Dismiss Count 2 of the Indictment is Granted.

Defendant is advised of his right to Appeal.

**COURT RECOMMENDS** that the Bureau of Prisons designate the Federal Correctional Institution at Butner, North Carolina as defendant's place of incarceration. If he is not assigned to that institution, the Court Recommends the

| | | | |
|---|---|---|---|
| USA vs. | MICHAEL VICTOR ZAMUDIO | Docket No.: | ED CR 03-67-RT |

**COURT RECOMMENDS** that the Bureau of Prisons designate the Federal Correctional Institution at Butner, North Carolina as defendant's place of incarceration. If he is not assigned to that institution, the Court Recommends the defendant be designated for incarceration at Rochester, Minnesota or Springfield, Missouri and that he be allowed to participate in a Sexual Offender Treatment Program and a 500 Hour Substance Abuse Treatment Program providing that he meets the eligibility criteria.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

_9/23/05_
Date

_Robert J. Timlin_
ROBERT J. TIMLIN
U. S. District Judge

Sherri R. Carter, Clerk of Court

_9/23/05_
Filed Date

By _L. Pulliam_
Deputy Clerk

1086

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date / Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date / Deputy Clerk

# NOTICE PARTY SERVICE LIST

Case No. EDCR 03-67-RT     Case Title U.S.A. VS MICHAEL VICTOR ZAMUDIO

Title of Document  AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER

|   | |   | |
|---|---|---|---|
|   | Atty Sttlmnt Officer |   | Stratton, Maria - Federal Public Defender |
|   | BAP (Bankruptcy Appellate Panel) |   | US Attorneys Office - Civil Division -L.A. |
|   | Beck, Michael J (Clerk, MDL Panel) |   | US Attorneys Office - Civil Division - S.A. |
| X | BOP (Bureau of Prisons) | X | US Attorneys Office - Criminal Division -L.A. |
|   | CA St Pub Defender (Calif. State PD) |   | US Attorneys Office - Criminal Division -S.A. |
|   | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |   | US Bankruptcy Court |
|   | Case Asgmt Admin (Case Assignment Administrator) |   | US Marshal Service - Los Angeles (USMLA) |
|   |  | X | US Marshal Service - Riverside (USMED) |
|   | Catterson, Cathy (9th Circuit Court of Appeal) |   | US Marshal Service -Santa Ana (USMSA) |
|   | Chief Deputy Admin | X | US Probation Office (USPO) |
|   | Chief Deputy Ops |   | US Trustee's Office |
|   | Clerk of Court |   | Warden, San Quentin State Prison, CA |
|   | Death Penalty H/C (Law Clerks) | | |
|   | Dep In Chg E Div | | |
|   | Dep In Chg So  Div | | |
| X | Fiscal Section | | |
|   | Intake Section, Criminal LA | | |
|   | Intake Section, Criminal SA | | |
|   | Intake Supervisor, Civil | | |
|   | Interpreter Section | | |
|   | PIA Clerk - Los Angeles (PIALA) | | |
|   | PIA Clerk - Riverside (PIAED) | | |
|   | PIA Clerk - Santa Ana (PIASA) | | |
|   | PSA - Los Angeles (PSALA) | | |
|   | PSA - Riverside (PSAED) | | |
|   | PSA - Santa Ana (PSASA) | | |
|   | Schnack, Randall (CJA Supervising Attorney) | | |
|   | Statistics Clerk | | |

*ADD NEW NOTICE PARTY*
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk  LP